Samuel M. Gold, J.
Plaintiff moves pursuant to rule' 109 of the Rules of Civil Practice for an order striking out for insufficiency the five separate defenses. In each of two causes of action plaintiff alleges that checks dated respectively December 10 and December 19, 1958, were drawn to his order, the payee of the first being designated as Robert H. Moore and of the second as Robert Hartwell Moore. In each instance the maker delivered the check to the United States mail in an envelope addressed to the plaintiff. On December 22, 1958, the defendant accepted those checks from one Joseph Donnell with the connivance of one Jean Silverstein, bearing upon the back thereof the indorsement “ For Deposit to Account of Robert H. Moore ”. By delivery of the checks to the United States mail they became the property of the plaintiff and in one instance the indorsement does not conform with the name of the payee as contained on the check. Plaintiff had not in fact indorsed the check or *801 authorized its indorsement and had never received physical possession of the check or the proceeds thereof. The indorsement was a forgery and defendant accepted the check and collected the proceeds therefrom upon such forged indorsement. Plaintiff was thus deprived of the proceeds of the check and by the acts of the defendant has been damaged in the amount of the checks. In its first defense the defendant alleges that plaintiff was engaged in the business of an insurance agent or broker or both; that on December 12, 1958, plaintiff or one of his employees opened a savings account with the defendant in the name of Robert H. Moore and on December 22, 1958, plaintiff or one of his employees made a deposit to that account in an amount equal to the amount of the two checks; that such deposit or the major portion thereof consisted of funds received by the plaintiff in a trust capacity in accordance with section 125 of the Insurance Law and accordingly plaintiff was not the owner of the funds deposited. This defense has apparently been abandoned since it is not supported in the defendant’s brief. Legal title to the checks is in the plaintiff and in any event the plaintiff has status to sue. The remaining defenses urge the negligence of the plaintiff in various respects in that plaintiff failed to properly safeguard and take account of the funds of principals coming into his possession, negligently failed to properly safeguard and restrict the use of his bank indorsement stamp, negligently failed to exercise proper care in the selection of employees, and failed promptly to determine his loss or to promptly notify the defendant of such loss, depriving it of the opportunity to compel restitution. Since plaintiff was not in physical possession of the check and no acts are alleged on plaintiff’s part authorizing the indorsement or lending the appearance of authority to negotiate, the defense of negligence is unavailable. Plaintiff, not a depositor of the defendant bank, owed it no duty which has been breached as alleged and which by reason thereof impairs the validity of plaintiff’s claim or defeats it. The motion is granted dismissing the defenses.